IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD P. HORNER**, | Case No. 3:16-cv-00605-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **PLAZA HOME MORTGAGE, INC.; JPMORGAN CHASE BANK, N.A.**, | |
| Defendants. | |

Richard P. Horner, 7345 S.E. Villa Street, Hillsboro, OR 97123, *pro se*.

Kevin H. Kono and Blake J. Robinson, DAVIS WRIGHT TREMAINE, LLP, 1300 S.W. Fifth Avenue, Suite 2400, Portland, OR 97201; Frederick B. Burnside, DAVIS WRIGHT TREMAINE, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101. Of Attorneys for Defendant JPMorgan Chase Bank, N.A.

**Michael H. Simon, District Judge.**

Plaintiff Richard P. Horner ("Plaintiff") filed this action against Defendants Plaza Home Mortgage, Inc. ("Plaza Home") and JPMorgan Case Bank, N.A. ("Chase") in Washington County Circuit Court in February 2016, alleging claims arising out of a loan secured by a deed of trust that encumbered real property owned by Plaintiff. Defendants removed the action to this Court, ECF 1, and Chase moved to dismiss Plaintiff's complaint for failure to state a claim,

ECF 4. Plaintiff did not respond to Chase's motion to dismiss, despite the Court's *sua sponte* allowance of a 30-day extension of time. *See* ECF 7. Thus, the Court rules on the merits of Chase's motion without any opposing argument from Plaintiff. For the reasons that follow, Chase's motion is granted.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A court must liberally construe the filings

of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*,

627 F.3d 338, 342 (9th Cir. 2010).

## BACKGROUND

On November 19, 2008, Plaintiff received a $286,220 loan for which he executed a

promissory note in Plaza Home's favor. ECF 1-2 ¶ 6. The loan was secured by a deed of trust

that encumbered real property owned by Plaintiff. *Id.* ¶ 7. The property is located in Hillsboro,

Oregon. *Id.* ¶ 12. The deed of trust provides that the note could be transferred without notice to

Plaintiff. ECF 5-1 § 20.[1] Plaintiff alleges that in December 2008, Plaza Home sold its interest to

a Ginnie Mae trust. ECF 1-2 ¶ 10. On March 28, 2012, Mortgage Electronic Registration

Systems, Inc., as Plaza's nominee, executed an assignment of the deed of trust to Chase. *Id.* ¶ 11.

The assignment was recorded on June 17, 2013. *Id.*

Although Plaintiff's complaint is not a model of clarity, he appears to allege that no

meeting of the minds existed between him and Plaza Home regarding the nature of the original

loan agreement. *Id.* ¶ 16. According to Plaintiff, Plaza Home "concealed the fact that they were

not a depository bank" and that Plaza Home failed to "disclose the true and material terms of the

transaction." *Id.* ¶¶ 15, 19. Plaintiff additionally alleges that Plaza Home failed to disclose to

Plaintiff that it was an "account debtor in the accommodated table funded transaction with

---

[1] Plaintiff attaches a copy of the deed of trust to his complaint. ECF 1-2 at 29-39. Pages
eight through eleven are missing from the exhibit, however, including § 20. Chase provides a full
copy of the deed of trust as an exhibit to its motion to dismiss. ECF 5-1. The Court takes judicial
notice of the copy provided by Chase. *See Shaw v. Hawn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995)
("In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond
the plaintiff's complaint to matters of public record.").

Ginnie Mae." *Id.* ¶ 36. As a result, Plaintiff contends that the assignment to Chase is unenforceable, *id.* ¶ 44, and that the foreclosure on his home is fraudulent.[2] *Id.* ¶¶ 52-53.

## DISCUSSION

Plaintiff's complaint alleges the following claims: (1) fraud; (2) unconscionable contract; (3) breach of fiduciary duty; (4) slander of title; (5) intentional infliction of emotional distress; (6) wrongful foreclosure; and (7) declaratory relief. ECF 1-2. Chase moves to dismiss all claims. The Court addresses each claim in turn.

## A. Fraud

The essential elements of a common law claim for fraud are:

> the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance.

*Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 351-52 (2011). Plaintiff's complaint does not state whether he brings his fraud claim against Plaza Home only, or both Plaza Home and Chase. The allegations in the claim, however, are directed at Plaza Home, and all of the allegedly fraudulent misrepresentations pertain to the origination of Plaintiff's loan. Plaintiff does not allege that Chase took part in the original loan agreement. Thus, Plaintiff fails to state a claim for fraud against Chase.

---

[2] The Court notes that Plaintiff's allegations are inconsistent as to whether Chase has already foreclosed on the property or whether foreclosure is pending. *Compare* ECF 1-2 ¶ 57 (alleging that Chase "did not have the right to declare default or foreclose on Plaintiff's interest in the Subject Property") *with id.* ¶ 47 ("The actions of Defendants, as set forth herein, have resulted in the Plaintiffs' [*sic*] potential loss of the Property.").

**B.  Unconscionable Contract**

Oregon courts have repeatedly held that contract unconscionability is not a basis for an affirmative claim for relief. *See Carey v. Lincoln Loan Co.*, 203 Or. App. 399, 423-24 (2005) (discussing cases). A court, however, may "refuse to enforce an unconscionable contract, to delete the unconscionable provision, or to limit the application of those provisions." *Id.* at 424 (citing ORS § 72.3020 and *Restatement (Second) of Contracts* § 208 (1981)). Additionally, Plaintiff's second claim concerns the deed of trust Plaintiff entered into with Plaza Home. Plaintiff does not allege that Chase was an original party to the deed of trust, nor does Plaintiff allege that Chase was involved in drafting the deed or in Plaintiff's decision to sign it. Accordingly, even if Plaintiff could state an affirmative claim for an unconscionable contract, he has failed to do so against Chase.

**C.  Breach of Fiduciary Duty**

To state a claim for breach of fiduciary duty, Plaintiff must first establish that Chase owed Plaintiff a fiduciary duty. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 160 (2001) ("unless plaintiff's relationship with . . . defendant qualifies as the type of 'special relationship' that gives rise to" a fiduciary duty, no breach of duty can have occurred). "Generally, creditor-debtor relationships do not trigger fiduciary duties." *Bromfield v. HSBC Bank Nev.*, 2014 WL 183895, at *5 (Jan. 13, 2014) (citing 31 Causes of Action 2d 1, § 9 (2013); 1 Lender Liability: Law, Prac. & Prevention, § 5:3 (2013)). Additionally, Plaintiff's claim for breach of fiduciary duty appears to be directed against Plaza Home only. *See* ECF 1-2 ¶ 39 ("Plaza Home Mortgage, Inc's acting not in the best interest of the grantor of the constructive Deed of Trust failed to adhere to their Fiduciary Duties."). Plaintiff's claim fails to allege any actions on the part of Chase, or any special relationship between Plaintiff and Chase aside from creditor-debtor. Accordingly, Plaintiff fails to state a claim for breach of fiduciary duty against Chase.

PAGE 5 – OPINION AND ORDER

**D.  Slander of Title**

The elements of a claim for slander of title are: "(1) a published statement that disparages a person's title; (2) that is false; (3) that is made with malice; and (4) special damages." *Miller v. C.C. Meisel Co., Inc.*, 183 Or. App. 148, 169 (2002). Claims for slander of title are subject to a one-year statute of limitations. *Shenefield v. Axtell*, 274 Or. 279, 184 (1976); *Diamond v. Huffman*, 64 Or. App. 330, 333 (1983).

In Plaintiff's claim for slander of title, Plaintiff alleges the following actions on the part of Chase:

> The act of recording the purported "Assignment of Deed of Trust" into the Official Record of the Washington County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malic causing special damages to the Plaintiff's claim of title.

*Id.* ¶ 44. The assignment was recorded on June 17, 2013. *Id.* ¶ 11. Plaintiff filed this action in February 2016, more than two years after the recordation. Plaintiff alleges no facts that would allow for the statute of limitations to be tolled. Thus, Plaintiff's claim for slander of title against Chase is time-barred.[3]

**E.  Intentional Infliction of Emotional Distress**

The elements of a claim for intentional infliction of emotional distress are:

> (1) that defendants intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that defendants engaged in outrageous conduct, *i.e.*, conduct extraordinarily beyond the bounds of socially

---

[3] Plaintiff also appears to base his claim on the failure of Plaza Home and Chase to record transfers of the promissory note and their failure to produce the original note. ECF 1-2 ¶ 43. Oregon law, however, requires recordation only of formal, written assignments. *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 317-18 (2013) (*en banc*). Additionally, courts in this District have repeatedly held that a party foreclosing nonjudicially does not have to produce the original promissory note. *See, e.g.*, *Chruszch v. Bayview Loan Servicing, LLC*, 2015 WL 6756130, at *2 (D. Or. Nov. 4, 2015) (citing cases).

PAGE 6 – OPINION AND ORDER

>tolerable behavior; and (3) that defendants' conduct in fact caused
>plaintiff severe emotional distress.

*House v. Hicks*, 218 Or. App. 348, 357-58 (2008) (citing *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995)). Plaintiff alleges that Plaza Home and Chase misrepresented to Plaintiff that Chase is entitled to exercise the power of sale provision in the deed of trust, and that Chase's conduct in fraudulently foreclosing on Plaintiff's property is sufficiently outrageous and extreme to support his claim. ECF 1-2 ¶¶ 49-50. Courts in this District, however, repeatedly have held that conduct related to alleged wrongful foreclosure is insufficient to support a claim for intentional infliction for emotional distress. *See, e.g.*, *Medici v. JP Morgan Chase Bank, N.A.*, 2013 WL 6178285, at *3 (D. Or. Nov. 25, 2013) (citing cases). Thus, the Court finds that Plaintiff has failed to allege facts sufficient to state a claim for intentional infliction of emotional distress against Chase.

## F.  Wrongful Foreclosure

Oregon Courts do not recognize a tort claim for wrongful foreclosure. *See Elizabeth Retail Props. LLC v. KeyBank Nat'l Assoc.*, 83 F. Supp. 3d 972, 991 (D. Or. 2015) (citing cases). Accordingly, Plaintiff cannot state a claim for wrongful foreclosure against Chase.

## G.  Declaratory Relief

Plaintiff's final claim "requests a judicial determination of the rights, obligations, and interest of the parties with regard to the subject property." ECF 1-2 ¶ 62. Specifically,

>Plaintiff seeks to quiet title as of the date of the filing of this
>Complaint. Plaintiff seeks a judicial declaration that the title to the
>Subject Property is vested in Plaintiff alone and that the
>Defendants be declared to have no interest estate, right, title or
>interest in the subject property and that the Defendants, their
>agents and assigns, be forever enjoined from asserting any estate,
>right title or interest in the Subject Property subject to Plaintiffs'
>[*sic*] rights.

*Id.* ¶ 64.

A claim to quiet title is an equitable action to determine "conflicting or adverse claims, interests or estates" in real property. ORS § 105.605. "To secure a judgment quieting title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005). This standard requires that "plaintiffs prevail on the strength of their own title as opposed to the weaknesses of defendants' title." *Id.*

Again, the Court notes that Plaintiff's complaint is not a model of clarity, and that the Court reaches the merits of Chase's motion without the benefit of any responsive argument from Plaintiff. It appears to the Court, however, that Plaintiff's underlying allegations are that the loan was securitized through "table funding"—that is, although Plaza Home appeared to fund the loan, Ginnie Mae actually supplied the funds. *Id.* ¶¶ 15-16, 29. As a result, Plaintiff alleges that no loan obligation was ever created, and that the transfers destroyed any lien interest. *Id.*

The Court finds these factual allegations insufficient to state a plausible claim for quiet title against Chase. In *Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1211-12 (D. Or. 2012), *aff'd in part, vacated and remanded in part on other grounds*, 606 Fed. App'x 401 (9th Cir. 2015), the court granted the defendants' motion to dismiss a declaratory judgment action in part because:

> The Court remains unaware of any case, statute, or regulation that requires a party to a mortgage transaction to be the entity from which the funds for the loan originate in order for that party to be designated the lender in the mortgage documents. Thus, Plaintiff have not shown a plausible basis for relief based on the alleged fact that [the original lender] obtained funds for the mortgage transaction from some other source . . . .

*Id.* at 1211-12. Additionally, courts in this District have repeatedly rejected the argument that a loan is unenforceable because a loan has been securitized. *See, e.g.*, *Chruszch v. Bayview Loan Servicing, LLC*, 2015 WL 6756130, at *3 (D. Or. Nov. 4, 2015); *Oliver v. Delta Fin. Liquidating*

PAGE 8 – OPINION AND ORDER

*Trust*, 2012 WL 3704954, at *4 (D. Or. Aug. 27, 2012). Accordingly, the Court dismisses this claim against Chase.

## CONCLUSION

Chase's motion to dismiss (ECF 4) is GRANTED. Although Chase requests that the Court dismiss Plaintiff's claims against Chase with prejudice, a district court must give special dispensation to *pro se* plaintiffs. Accordingly, Plaintiff's claims against Chase are dismissed without prejudice.

**IT IS SO ORDERED**.

DATED this 1st day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge